IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> JAMES A. HOWARD, ) <br> WILLIE C. GUNTER, ) <br> WILLIAM P. GUNTER, ) <br> MARKUS SHANNON, ) <br> ) <br> Defendants. ) | 8:06CR384 <br><br> **PRELIMINARY ORDER** <br> **OF FORFEITURE** |

This matter is before the Court on the United States' Motion for Issuance of Preliminary Order of Forfeiture and <u>Memorandum</u> Brief (Filing No. 122). The Court reviews the record in this case and, being duly advised in the premises, finds as follows:

1. The Defendants have entered into plea agreements, whereby they have agreed to plead guilty to different combinations of Counts I, II, III, IV and VI of said Indictment. Count I charges all four Defendants with one count of conspiracy to distribute and possess with intent to distribute cocaine base, in violation of 21 U.S.C. § 846. Count II charges the Defendants, James A. Howard, Willie C. Gunter and William P. Gunter, with possession with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1). Count III charges the Defendants, James A. Howard, Willie C. Gunter and William P. Gunter, with using and carrying firearms and, in furtherance of the drug trafficking crimes charged in Counts I and II, possession of firearms, in violation of 18 U.S.C. § 924(c). Count IV of said Indictment seeks the forfeiture, pursuant to 21 U.S.C. § 853, of $399.00, $54.00 and $548.00 in United States currency on the basis that the currency was used or intended to be used to facilitate the crimes charged in Counts I, II and V and/or were derived from proceeds obtained directly or indirectly as a result of the commission of said controlled

substance violations. Count VI of said Indictment seeks the forfeiture, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), of a .44 caliber revolver, a Lorcin 9mm semi-automatic handgun and a 7.62mm Chinese made SKS assault rifle, on the basis they were firearms involved or used in the knowing commission of the offenses charged in Counts I, II and III.

2. By virtue of said pleas of guilty, the Defendants forfeit their interest in the subject properties, and the United States should be entitled to possession of said properties, pursuant to 21 U.S.C. § 853, 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c).

IT IS ORDERED:

A. The United States' Motion for Issuance of Preliminary Order of Forfeiture (Filing No. 122) is hereby sustained.

B. Based upon Counts I, II, III, IV and VI of the Indictment and the Defendants' pleas of guilty, the United States Marshal for the District of Nebraska ("Marshal") is hereby authorized to seize the following-described properties:

  a. $399.00 in United States currency

  b. $54.00 in United States currency

  c. $548.00 in United States currency

  d. a .44 caliber revolver

  e. a Lorcin 9mm semi-automatic handgun

  f. a 7.62mm Chinese made SKS assault rifle.

C. The Defendants' interest in said properties is hereby forfeited to the United States of America for disposition in accordance with the law, subject to the provisions of 21 U.S.C. § 853(n)(1).

D.  The aforementioned forfeited properties are to be held by the Marshal in his secure custody and control.

E.  Pursuant to 21 U.S.C. § 853(n)(1), the Marshal forthwith shall publish at least once for three successive weeks in a newspaper of general circulation, in the county where the subject properties are situated, notice of this Order, notice of the Marshal's intent to dispose of the properties in such manner as the Attorney General may direct, and notice that any person, other than the Defendant, having or claiming a legal interest in any of the subject forfeited properties must file a Petition with the court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

F.  Said published notice shall state the Petition referred to in Paragraph E., above, shall be for a hearing to adjudicate the validity of the Petitioner's alleged interest in the properties, shall be signed by the Petitioner under penalty of perjury, and shall set forth the nature and extent of the Petitioner's right, title or interest in the subject properties and any additional facts supporting the Petitioner's claim and the relief sought.

G.  The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the properties subject to this Order as a substitute for published notice as to those persons so notified.

H.  Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. § 853(n), in which all interests will be addressed.

DATED this 25th day of July, 2007.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge